ROEWER v. ROEWER.

FRAUD—CANCELLATION OF INSTRUMENTS—DEEDS.
   Evidence considered and *held* to be sufficient to sustain a decree canceling certain deeds of conveyance on the ground of false representations.

Appeal from Wexford; Lamb, J. Submitted April 7, 1911. (Docket No. 42.) Decided May 8, 1911.

Bill by Wilhelm A. Roewer and Lena Roewer against Waldeman M. Roewer and Franklin B. Gottschalk for the cancellation of certain conveyances. From a decree for complainants, defendant Waldeman M. Roewer appeals. Affirmed.

*E. F. Sawyer*, for complainants.

*Gaffney & Miltner*, for defendant Roewer.

OSTRANDER, C. J.   Mathias Roewer was the owner of two parcels of land in the city of Cadillac, Mich., one of which was his homestead.   He died August 2, 1893, leaving surviving him Albertine, his wife, and three children, two boys and one girl.   His estate was not administered. Albertine died in 1906, survived by the three children and possessing, besides household furniture, $400 in money, for which she held a certificate of deposit issued by the Cadillac State Bank.   The daughter, Lena, was an infant when her mother died.   Her two brothers had attained their majority and were living in Chicago, Ill. One of them, Wilhelm, and the wife of Waldeman, the other brother, attended the funeral of the mother, and while at Cadillac joined in executing a deed conveying the homestead and the money in the bank to Lena, and the deed was, without being delivered, taken to Chicago for the purpose of having it executed there by Waldeman. Waldeman never executed the deed.   Later, for a consideration of $200, Wilhelm conveyed his interest in the homestead, in the other real estate, in the money, and in the family burial lot to Waldeman, who mortgaged the same to one Franklin B. Gottschalk, of Chicago, and said deeds were placed of record.   The conveyances from Wilhelm to Waldeman were dated September 14, 1907.

September 25, 1907, Wilhelm and Lena filed their joint bill of complaint in the circuit court for the county of Wexford, in chancery, setting up the facts just stated, the further fact that the mother at the time of her death expressed a wish that the daughter, Lena, might have the

homestead and her money, the promise of Waldeman to join with his brother in executing a deed of his interest in the said property to his sister, that Waldeman went from Chicago to Cadillac, and clandestinely entered the dwelling, and in a clandestine manner abstracted therefrom the certificate of deposit and such deeds of conveyance relating to the common property as were in the house, and that by fraud and false pretenses, the particulars of which are set out, he secured the conveyance from his brother Wilhelm to himself, for a grossly inadequate consideration, and that Franklin B. Gottschalk, who, with Waldeman, is made a party defendant, was a party to the fraud perpetrated. It is prayed that said deeds of conveyance from Wilhelm to Waldeman be set aside and declared void, that the trust deed or mortgage given by Waldeman to Gottschalk be also set aside and declared void, that all of said deeds be delivered up to be canceled, that the pretended assignment of the money in the Cadillac State Bank from Wilhelm to Waldeman be set aside, and for general relief. Waldeman answered the bill. As to Gottschalk, it was taken as confessed. The cause was heard in open court, where, with others, Lena and Wilhelm gave testimony. The testimony of the defendant Waldeman and others was taken by deposition and read. A decree was entered in accordance with the prayer of the bill, from which decree the defendant Waldeman has appealed.

No question of law is presented by the briefs. What is involved is a pure question of fact. It will benefit no one to set out the testimony. It appears to be one of the cases where a court is especially aided in arriving at a determination by seeing and hearing the witnesses. We are of opinion that the decree ought to be affirmed, and it is so ordered, with costs of this appeal to the appellees.

BIRD, HOOKER, MOORE, and MCALVAY, JJ., concurred.